# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR W. JONES,<br><br>          Plaintiff,<br><br>   v.<br><br>STEPHEN MAYBERG, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-cv-01530-SKO PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT BRYANT SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>(Doc. 27)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Oscar W. Jones, a former civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2010. This action is proceeding against Defendants Bryant and Does 2 and 3 for violating the Due Process Clause relating to the failure to transport Plaintiff for medical treatment. However, the United States Marshal cannot serve unknown parties and service on Defendant Bryant has been unsuccessful.

Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his

1

1  action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to
2  perform his duties.'"[1]  <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting <u>Puett v.
3  Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* <u>Sandin v. Connor</u>,
4  515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify
5  the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'"  <u>Walker</u>, 14
6  F.3d at 1422 (quoting <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir.1990)).  However, where
7  a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect
8  service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants
9  is appropriate.  <u>Walker</u>, 14 F.3d at 1421-22.

10  Defendant Kathy Bryant is no longer employed at Coalinga State Hospital (CSH), and
11  therefore, CSH will not accept service on her behalf. (Doc. 27.)  Because the address provided by
12  Plaintiff for Defendant Bryant is no longer valid, the Court finds that the avenue available in
13  attempting to locate and serve Defendant has been exhausted.  <u>Walker</u>, 14 F.3d at 1421-22.  It
14  appears that dismissal of Defendant Bryant is appropriate at this time, but Plaintiff shall be provided
15  with an opportunity to show cause why dismissal should not occur.  Fed. R. Civ. P. 4(m).

16  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

17  1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show
18  cause why Defendant Bryant should not be dismissed from this action; and
19  2. The failure to respond to this order or the failure to show cause will result in the
20  dismissal of Defendant Bryant from this action, without prejudice.

IT IS SO ORDERED.

**Dated:   March 15, 2013**                           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As noted above, Plaintiff was a civil detainee rather than a prisoner, but as a result of his involuntary detention, Plaintiff was similarly situated to a prisoner.