1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  OSCAR W. JONES,                           CASE NO. 1:10-cv-01530-SKO PC

10                  Plaintiff,               ORDER DISMISSING DEFENDANT
                                             BRYANT FROM ACTION, WITHOUT
11      v.                                   PREJUDICE, PURSUANT TO RULE 4(M)

12  STEPHEN MAYBERG, et al.,                 (Docs. 27 and 28)

13                  Defendants.

14  _____/

15          Plaintiff Oscar W. Jones, a former civil detainee proceeding pro se and in forma pauperis,

16  filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2010.  This action is

17  proceeding against Defendants Bryant and Does 2 and 3 for violating the Due Process Clause

18  relating to the failure to transport Plaintiff for medical treatment.  However, the United States

19  Marshal cannot serve unknown parties and service on Defendant Bryant has been unsuccessful.  On

20  March 15, 2013, the Court ordered Plaintiff to show cause within thirty days why Defendant Bryant

21  should not be dismissed from this action based on insufficient information to effect service of

22  process.  Fed. R. Civ. P. 4(m).  More than thirty days have passed and Plaintiff has not complied

23  with or otherwise responded to the order.

24          Federal Rule of Civil Procedure Rule 4(m) provides that

25          [i]f a defendant is not served within 120 days after the complaint is filed, the court -
            on motion or on its own after notice to the plaintiff - must dismiss the action without
26          prejudice against that defendant or order that service be made within a specified time.
            But if the plaintiff shows good cause for the failure, the court must extend the time
27          for service for an appropriate period.

28  ///

1

1

2

3

4

5

6

7

8

9

10

11

12

       In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  Plaintiff "is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421-22.

13

14

15

16

       Based on information provided by Coalinga State Hospital (CSH), Defendant Bryant is no longer employed there and CSH is unable to accept service on her behalf.  Plaintiff has failed to show good cause why Defendant Bryant should not be dismissed from this action.  Fed. R. Civ. P. 4(m); *Walker*, 14 F.3d at 1421-22.

17

18

       Accordingly, based on the foregoing, Defendant Bryant is HEREBY DISMISSED from this action, without prejudice, pursuant to Rule 4(m).

19

20

21

22

IT IS SO ORDERED.

23

**Dated:    April 27, 2013          _____/s/ Sheila K. Oberto_____**
                                         UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28