# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR W. JONES, | Case No. 1:10-cv-01530-SKO (PC) |
| Plaintiff, | ORDER STRIKING DUPLICATIVE NOTICE |
| v. | (Doc. 39) |
| STEPHEN MAYBERG, et al., | ORDER GRANTING REQUEST FOR ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PVSP TO PRODUCE DOCUMENTS |
| Defendants. | |
| | (Doc. 40) |

## I. Background

Plaintiff Oscar W. Jones, a former civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2010. At this juncture, this action is proceeding against Defendants Doe 2 and Doe 3 for violating the Due Process Clause of the United States Constitution, relating to the failure to transport Plaintiff for medical treatment while he was at Coalinga State Hospital ("CSH").

Although the use of Doe defendants is generally disfavored, the Court must provide Plaintiff with the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (citing *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)) (quotation marks omitted). In accordance with this requirement, on June 3, 2013, the Court opened early, limited

discovery, and on September 20, 2013, the Court directed the United States Marshal to serve a subpoena duces tecum on third party Audrey King, Acting Executive Director at CSH. Fed. R. Civ. P. 45. The Marshal was ordered to serve the subpoena duces tecum a second time on January 23, 2014, and service was executed on February 4, 2014. The date for the document production was March 28, 2014, and on February 12, 2014, the Court ordered the Clerk's Office to provide Plaintiff with a copy of the executed subpoena and directed Plaintiff to identify the Doe defendants on or before April 28, 2014.

On May 1, 2014, and again on May 5, 2014, Plaintiff filed a response to the order regarding the Doe defendants. The two responses are identical but the second response is supported by additional exhibits. Therefore, the first response will be stricken from the docket.

**II.     Service of Second Subpoena Duces Tecum**

In response to the subpoena, Audrey King, through CSH's litigation coordinator, produced a copy of the incident report for September 28, 2008, but represented that per Police Services, there were no other responsive documents. In response, Plaintiff attests that CSH is on the grounds of Pleasant Valley State Prison ("PVSP") and the California Department of Corrections and Rehabilitation ("CDCR") is responsible for all external security. As a result, Plaintiff believes CDCR has control of documents responsive to document categories a, c, d, and e; and while he had hoped there would be joint cooperation in producing documents responsive to the subpoena, there was not and it is this division between internal hospital security (CSH) and external hospital security (CDCR) which prevented him from obtaining from CSH the documents necessary to identify the Doe defendants.

The Court cannot and will not act as Plaintiff's counsel or investigator, 28 U.S.C. 1915; *Pliler v. Ford*, 5452 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989), and this case does not present extraordinary circumstances supporting the appointment of counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). If Plaintiff is unable to ascertain the identities of Does 2 and 3 through the documents he seeks, this action will be dismissed, in the absence of a showing of good cause. Fed. R. Civ. P. 4(m).

At this juncture, however, dismissal is still premature.  Plaintiff has submitted evidence of CDCR's responsibility over external hospital security, Plaintiff previously identified PVSP as an involved entity, and the transportation officers he seeks to identify are CDCR officers.  (Docs. 31, 33, 40.)  On this basis, cause exists to allow Plaintiff the opportunity to attempt to obtain from PVSP the documents CSH was unable to produce, and Plaintiff is entitled to the issuance of one more subpoena duces tecum directed to the warden of PVSP.  *Crowley*, 734 F.3d at 978.

### III.  Order

1. Plaintiff's first response, filed on May 1, 2014, is stricken from the record on the ground that it is duplicative of the second response but includes fewer exhibits; and

2. Based on Plaintiff's notice, filed on May 5, 2014, the United States Marshal will be directed to serve a subpoena duces tecum on the warden of Pleasant Valley State Prison.

IT IS SO ORDERED.

Dated:   **June 9, 2014**              **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

3