1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10   OSCAR W. JONES,

11          Plaintiff,

12       v.

13   STEPHEN MAYBERG, et al.,

14          Defendants.

15   _____/

Case No.  1:10-cv-01530-SKO (PC)

ORDER DISMISSING ACTION, WITHOUT
PREJUDICE, PURSUANT TO RULE 4(M)
AND DIRECTING CLERK'S OFFICE TO
ENTER JUDGMENT

(Doc. 45)

16       Plaintiff Oscar W. Jones, a former civil detainee proceeding pro se and in forma pauperis,

17   filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2010.  This action for

18   damages is proceeding against John Doe 2 and John Doe 3 for violating the Due Process Clause of

19   the United States Constitution, relating to the failure to transport Plaintiff for medical treatment

20   while he was at Coalinga State Hospital ("CSH").

21       Rule 4(m) of the Federal Rules of Civil Procedure provides:

22       If a defendant is not served within 120 days after the complaint is filed, the court -
         on motion or on its own after notice to the plaintiff - must dismiss the action
23       without prejudice against that defendant or order that service be made within a
         specified time.  But if the plaintiff shows good cause for the failure, the court must
24       extend the time for service for an appropriate period.

25       Because Plaintiff is proceeding in forma pauperis, the Court is required to appoint the

26   United States Marshal to serve the summons and complaint on his behalf, 28 U.S.C. § 1915(d);

27   Fed. R. Civ. P. 4(c)(3), and a case cannot be dismissed where the Marshal and/or the Court fails to

28   perform its duty, *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and

citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). However, the Court's sua sponte dismissal of unserved defendants is appropriate if Plaintiff is unable to provide the Marshal with information sufficient to effect service. Fed. R. Civ. P. 4(m); *Walker*, 14 F.3d at 1421-22.

In this case, the defendants, both of whom were correctional officers, are unidentified and the Court opened early discovery for the limited purpose of allowing Plaintiff to identify them. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (citing *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). After service of subpoenas duces tecum first on the Acting Director of CSH and then on the Warden of Pleasant Valley State Prison, Plaintiff was unable to obtain any documents which allowed him to identify the Doe defendants,[1] Fed. R. Civ. P. 45, and on November 4, 2014, Plaintiff was provided with an opportunity to show good cause within thirty days why this action should not be dismissed, Fed. R. Civ. P. 4(m). Plaintiff did not respond.

Accordingly, this action is HEREBY DISMISSED, without prejudice, pursuant to Rule 4(m) and the Clerk's Office shall enter judgment.

IT IS SO ORDERED.

Dated:   **December 17, 2014**                      **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's response to the subpoena results was filed on August 18, 2014, but his disagreement and/or dissatisfaction with the third parties' responses provides no basis for an exception from Rule 4(m). (Doc. 44.)